MEMORANDUM **
After having reviewed Vance Rider’s 28 U.S.C. § 2254 habeas petition de novo, Cunningham v. Wong, 704 F.3d 1143, 1153 (9th Cir.2013), we affirm the district court’s denial of Rider’s petition.
To obtain relief, the Antiterrorism and Effective Death Penalty Act (“AEDPA”) requires Rider to show that the last-reasoned state court decision “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1); see Gill v. Ayers, 342 F.3d 911, 917 n. 5 (9th Cir.2003).
1. The California Court of Appeal’s decision affirming the trial court’s exclusion of expert testimony concerning Rider’s mental incapacity under California law was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The California Court of Appeal was limited by California Penal Code § 28. “[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused’s right to present a defense so long as they are not ‘arbitrary’ or ‘disproportionate to the purposes they are designed to serve.’ ” United States v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (quoting Rock v. Arkansas, 483 U.S. 44, 56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). Moreover, the U.S. Supreme Court upheld Arizona’s rule barring consideration of a defendant’s mental incapacity evidence with respect to the defendant’s mens rea one day after the California Court of Appeal decided Rider’s case. See Clark v. Arizona, 548 U.S. 735, 741, 742, 126 S.Ct. 2709, 165 L.Ed.2d 842 (2006). Clark did not overrule any prior Supreme Court precedent. Thus, the California Court of Appeal’s decision could not have been contrary to, or could not have involved an *381 unreasonable application of, clearly established Supreme Court precedent.
2. Rider also did not demonstrate that the California Court of Appeal’s affirmation of his 25-years-to-life sentence under California’s three strike law was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Clearly established Supreme Court precedent required the state court to consider “objective factors,” specifically (1) the “gravity of the offense and the harshness of the penalty,” (2) “sentences imposed on other- criminals in the same jurisdiction,” and (3) “sentences imposed for commission of the same crime in other jurisdictions.” Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). “In weighing the gravity of [the defendant’s] offense, [the court] must place on the scales not only [the] current felony, but also [the defendant’s] long history of felony recidivism.” Ewing v. California, 538 U.S. 11, 29, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (plurality); see also Solem, 463 U.S. at 296-97, 103 S.Ct. 3001.
Given AEDPA’s highly deferential standard, we cannot say that the California Court of Appeal’s decision affirming Rider’s sentence was “contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent].” 28 U.S.C. § 2254(d)(1). Rider’s criminal history is lengthy and includes violent crimes (oral copulation with a minor at knifepoint, attempted manslaughter, and three robberies). Rider also had the possibility of parole. His sentence was not the “most severe punishment that the State could have imposed on any criminal for any crime.” Solem, 463 U.S. at 297, 103 S.Ct. 3001; see Gonzalez v. Duncan, 551 F.3d 875, 886 (9th Cir.2008). Finally, although only California and Texas require imposing a 25-years-to-life sentence for a three strike offender who violates the sex offender registration law, Gonzalez, 551 F.3d at 888, “no single criterion can identify when a sentence is so grossly disproportionate that it violates the Eighth Amendment.” Solem, 463 U.S. at 290 n. 17, 103 S.Ct. 3001.
While Rider argues that Gonzalez demands a different result, this court decided Gonzalez more than two years after the California Court of Appeal decided Rider’s ease in 2006. See Gonzalez, 551 F.3d at 875. Thus, the California Court of Appeal did not have the benefit of Gonzalez’s reasoning when applying Solem’s factors. Even if Gonzalez had been decided earlier, Rider’s situation does not fit Gonzalez’s facts. Rider failed to register after moving, while the Gonzalez petitioner did not move and registered within the year-just not within five working days of his birthday. Id. at 877-78. Further, Rider lied about how long he had been staying at the shelter, making the state court’s decision “even more reasonable.” Crosby v. Schwartz, 678 F.3d 784, 794 (9th Cir.2012).
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.